| STATE OF LOUISIANA | NO. 24-K-613 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| MARSHAE JONES | COURT OF APPEAL |
| | STATE OF LOUISIANA |

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

December 18, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** MARSHAE JONES

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 22-3096

Panel composed of Judges Fredericka Homberg Wicker, Jude G. Gravois, and Scott U. Schlegel

**WRIT GRANTED**

Relator, Marshae Jones, is charged with carnal knowledge of a juvenile, in violation of La. R.S. 14:80. Trial is currently in progress. Ms. Jones seeks supervisory review of the trial court's ruling denying her request to show the tattoos on her lower back and buttocks to the jury, whether in person or, alternatively, in photographs. She contends this evidence is vital to her defense, where the alleged victim did not mention such tattoos at trial.

A criminal defendant has the constitutional right to present a defense, which is fundamental to due process of law. U.S. Const. Amends. 6 and 14; La. Const. Art. I, § 16; *State v. Van Winkle*, 94-0947 (La. 6/30/95), 658 So.2d 198, 201; *State v. Young*, 20-01041 (La. 5/13/21), 320 So.3d 356, 359-60. "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.' " *State v. Wilson*, 17-0908 (La. 12/5/18), 319 So.3d 262, 267, *citing Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 2146, 90 L.Ed.2d 636 (1986).

24-K-613

Generally, a defendant should be allowed to present evidence on any relevant matter. *Young*, 320 So.3d at 359; *State v. Shoemaker*, 500 So.2d 385 (La.1987). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. La. C.E. art. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403.

After review, we find the trial court abused its discretion in not admitting evidence of her tattoos. Although identification is not at issue, the credibility of the alleged victim is paramount in this matter. According to relator, she has testified regarding her tattoos. The pictures show where and how pronounced they are, which is relevant to her defense. The photographs may offer the jury a better opportunity to assess the credibility of the victim, which is at the heart of the case.

Although we find that evidence of the tattoos is admissible, an in-person, physical display is not essential and does not comport with courtroom decorum, where the photographs provide an appropriate alternative means. Accordingly, we deny relator's request to show her tattoos to the jury in person, but we find that photographs may be presented. According, we grant this writ application and remand to the trial court for further proceedings, allowing relator to present photographs of the tattoos to the jury at trial, subject to proper authentication and other rules of evidence other than relevancy, upon which we have already ruled.

Gretna, Louisiana, this 18th day of December, 2024.

**FHW**
**JGG**

2

STATE OF LOUISIANA

VERSUS

MARSHAE JONES

NO. 24-K-613

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**SCHLEGEL, J., DISSENTS WITH REASONS**

I respectfully dissent. The trial court is accorded great discretion in evidentiary rulings and, absent a clear abuse of that discretion, rulings on admissibility of evidence will not be disturbed on appeal. *State v. Williams*, 20-46 (La. App. 5 Cir. 12/30/20), 308 So.3d 791, 834, *writ denied,* 21-316 (La. 5/25/21), 316 So.3d 2.

Based upon the showing made, I would deny the writ. This court has not been provided with a copy of T.R.'s video interview or transcript of the victim from trial. Thus, I am unsure how the majority can properly weigh the evidence to make a determination of relevance. The trial court is in the best position to make this determination. Further, the defense has already acknowledged that the tattoos are not necessary for identification purposes and in fact, defendant alleges that she did not have sex with T.R. Thus, if the defense wanted to attack the victim's credibility, she could have asked the victim questions about the existence of any tattoos. Defense cannot now argue that a physical presentation or photographs of the tattoo are relevant for impeachment purposes under La. C.E. art. 613 as there has been no evidence of an inconsistent statement. The defense's argument that if the victim had had sex with defendant, then he would have screamed from the rooftops the existence of tattoos to everyone he spoke with and the fact that he did not is somehow an inconsistent statement is unpersuasive. Further, it does not appear from this writ application that the

defense is being prevented from making this argument. The trial court simply excluded the photographic evidence and physical presentation of defendant's tattoos as not relevant. Thus, based on the showing made, I would deny. In the event of a conviction, defendant has an adequate remedy on appeal.

**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY <u>12/18/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-613**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
A. Bruce Netterville (Relator)

Thomas J. Butler (Respondent)
Bianca N. Moore (Relator)

### MAILED